NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 17 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANTHONY TYRONE CAMPBELL,

Plaintiff-Appellant,

v.

J. MENDEZ, Sergeant; et al.,

Defendants-Appellees,

and

JEFFREY BEARD; et al.,

Defendants.

No. 16-16434

D.C. No. 1:14-cv-00801-DAD-SAB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted March 8, 2017[**]

Before:      LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

California state prisoner Anthony Tyrone Campbell appeals pro se from the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

district court's summary judgment in his 42 U.S.C. § 1983 action alleging excessive force. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's summary judgment on the basis of failure to exhaust administrative remedies. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). We affirm.

The district court properly granted summary judgment because Campbell failed to raise a genuine dispute of material fact as to whether he properly exhausted his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), or whether administrative remedies were effectively unavailable. *See Ross v. Blake*, 136 S.Ct. 1850, 1856, 1860 (2016) (proper administrative exhaustion under the PLRA is mandatory, but may not be required when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." (emphasis in original) (citation and internal quotation marks omitted)).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

16-16434